UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:04-cv-01345-MMD-PAL |
|---|---|
| Plaintiff, | ORDER |
| v. | (Def.'s Motion for Order to Quash Writ of Garnishment – dkt. no. 15; |
| JOHN DAVID TUTTEROW, | Def.'s Motion to Compel Credit for Payments Made – dkt. no. 16; |
| Defendant. | Def.'s Motion to Compel Recalculation of Principle and Interest - dkt. no. 17; |
| | Def.'s Motion to Deem Restitution Paid and Satisfied - dkt. no. 18) |

**I.  SUMMARY**

Before the Court are Defendant John David Tutterow's Motion for Order to Quash Writ of Garnishment (dkt. no. 15), Motion to Compel Credit for Payments Made (dkt. no. 16), Motion to Compel Recalculation of Principle and Interest (dkt. no. 17), and Motion to Deem Restitution Paid and Satisfied (dkt. no. 18).  For the reasons discussed below, Tutterow's Motions are denied.

**II.  BACKGROUND**

On September 28, 1998, Defendant John David Tutterow pled guilty to a charge of fraud by wire, radio or television under 18 U.S.C. § 1323.  Among the conditions of his punishment, Tutterow was ordered to make restitution to four of his victims: $25,000 each to Steve McBee and Mark Boone, $42,000 to Jack Kilpatrick, and $2,500 to John Hale.  Tutterow made his first restitution payment on October 26, 2004, but stopped making payments after August 10, 2005.

As of October 30, 2012, the Clerk of this Court has disbursed $11,670.19 to Steven McBee, $794.74 to John Hale, and $11,672.53 to Mark Boone. $13,463.12 is being withheld for Jack Kilpatrick, who cannot be located. As of December 30, 2011, Tutterow owed a total of $101,513.78 on his restitution balance, over half of which constitutes interest accruing at the rate of 5.224%. (*See* dkt. no. 15-3.)

In filing his Motions, Tutterow represents to the Court that he has voluntarily and privately made numerous payments to his victims outside of the garnishment process, including $2,500 to John Hale, $18,000 to Mark Boone, and $18,750 to Steven McBee. (*See* dkt. nos. 15-4, 15-5, and 15-6.) He also represents that he has located and contacted Jack Kilpatrick, but that Kilpatrick has not responded to his letter. Tutterow brings these Motions seeking to offset the current balance of his restitution order with the $39,250 in direct payments he made to the victims. Tutterow also requests that the direct payments be applied to the interest balance of $51,811.94. He requests that all payments be applied first to his interest balance, rather than the current system which only applies wage garnishments to the principal balance. This wage repayment plan, according to Tutterow, violates the Fifth Amendment's Double Jeopardy Clause.

## III.    DISCUSSION

Under the Mandatory Victims Restitution Act ("MVRA"), the imposition of interest on fines and restitution is mandatory on any balance more than $2,500, unless the fine is paid in full within fifteen days of the date of judgment. 18 U.S.C. § 3612(f). Upon a proper showing, a court may modify the terms of the fine with respect to the accrual of interest if a defendant shows an inability to pay interest. *Id.* at § 3612(f)(3). With respect to the order of restitution payments, payments shall be applied to principle first, and then to costs, interest, and penalties, in that order. *See* 18 U.S.C. § 3612(i). Tutterow appears to lodge an as-applied challenge to the constitutionality of the payment order, but fails to provide any case law to demonstrate that the imposition of interest is tantamount to a second punishment for the same offense. The Court's review of applicable case law does not reveal any support for Tutterow's position. *See, e.g.*,

*United States v. Dubose*, 146 F.3d 1141 (9th Cir. 1998) (rejecting constitutional challenges to mandatory restitution under the MVRA); *United States v. Bright*, 353 F.3d 1114. 1118-25 (9th Cir. 2004) (holding that defendant is not entitled to credit for refunds paid to victim after the victim detected the crime nor for funds seized and forfeited by government); *United States v. Feldman,* 853 F.2d 648, 663-64 (9th Cir. 1988) (affirming as constitutional the district court's order of forfeiture under RICO and order of restitution in the same amount).

Tutterow also argues that 18 U.S.C. § 3664(j)(2) compels the Court to declare a partial satisfaction of his restitution order by virtue of his privately negotiated payments. This argument fails. By its own language, § 3664(j)(2) provides for reductions in any order of restitution "later recovered as compensatory damages for the same loss by the victim in any Federal *civil* proceeding," not through privately arranged payment plans. *See* 18 U.S.C. § 3664(j)(2)(A) (emphasis added). Tutterow's citation to *United States v. Sims*, Nos. 99-CR-234-1, 99-CR-234-2, 98-CR-594-1, 2003 WL 22016771 (E.D. Pa. June 4, 2003) is thus unavailing. Indeed, courts have widely recognized that absent a Fed. R. Crim. P. 35 order amending a clerical mistake, or absent a reduction of restitution under § 3664(j)(2), "district courts are generally without authority to remit restitution orders entered under the MVRA." *United States v. Roper*, 462 F.3d 336, 339 (4th Cir. 2006). As a result, a sentence that imposes an order of restitution is a final judgment that cannot be altered, save for limited review under Fed. R. Crim. P. 35, a review of a sentence under 18 U.S.C. § 3742, or other exceptions inapplicable here. *See* 18 U.S.C. § 3664(o). Accordingly, Tutterow fails to provide any compelling reason to modify his restitution order, or to pray for a modification of his criminal punishment.

**IV.    CONCLUSION**

While not allowing Tutterow a credit for privately paid sums appears at first glance unfair, the Court's decision is consistent with the general principle that "the criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole." *Kelly v. Robinson*, 479 U.S. 36, 52 (1986) (holding that bankruptcy

proceedings do not discharge restitution obligations). The system deliberately provides the victim with "no control over the amount of restitution awarded or over the decision to award restitution." *Id.* Accordingly, a victim's private agreement to discharge a defendant's restitution obligation does not warrant an offset of a court-imposed restitution order. Were Tutterow punished under a restorative justice scheme that foregrounds the relations between a victim and an offender, this result might be different.[1] For better or worse, Tutterow's criminal punishment did not arise from such a system, and he is bound by the punishment imposed upon him.

Accordingly, IT IS ORDERED that Tutterow's Motions (dkt. nos. 15, 16, 17, and 18) are DENIED.

DATED THIS 27th day of March 2013.

						_____
						MIRANDA M. DU
						UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g.,* Nat'l Inst. of Justice, U.S. Dep't of Justice, Fundamental Concepts of Restorative Justice (Dec. 3, 2007), http://www.ojp.usdoj.gov/nij/topics/courts/restorative-justice/fundamental-concepts.htm ("Victims are empowered by maximizing their input and participation in determining needs and outcomes."); *see also* Justice Janine Geske (ret.), *Why Do I Teach Restorative Justice to Law Students?*, 89 Marq. L. Rev. 327 (2005).