UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:04-cv-01345-MMD-PAL |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JOHN DAVID TUTTEROW, | |
| Defendant. | |

In its March 27, 2013, Order, the Court addressed Defendant John David Tutterow's various motions seeking to obtain credit for payments made and to deem the restitution order satisfied by virtue of his privately negotiated payments to the victims made outside of the garnishment process. (Dkt. no. 28.) The Court found that it is without authority to modify the restitution order to provide the reliefs requested here. Defendant seeks reconsideration of the Court's Order to which the United States objects. (Dkt. nos. 29 and 31.) The United States requested a one-day extension to file its response to Defendant's motion. (Dkt. no. 30.) The United States' motion for extension is granted.

Defendant seeks reconsideration under Fed. R. Civ. P. 59. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear

error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*quoting 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Defendant has not satisfied the stringent standard for reconsideration under Rule 59(e).

Defendant argues that reconsideration is warranted because denial would result in double recovery to victims and because of the existence of a settlement agreement. The first argument is a rehash of one previously made and considered by the Court. The second argument is premised on the existence of a "settlement agreement" with the United States, which the United States denies. The Court will not reconsider its decision based on a claim that the parties discussed whether restitution payments were made to the victims privately and should be credited during the pendency of Defendant's previous motions between August and December 2012 and several months before the Court issued its March 27, 2013, Order. To the extent such an agreement existed, Defendant's remedy may be to seek to enforce the settlement. It does not constitute unusual ground or newly discovered evidence to warrant reconsideration under Rule 59(e).

It is therefore ordered that Defendant's Motion for Reconsideration Pursuant to Fed. R. Civ. Proc. 59 (dkt. no. 29) is denied. It is further ordered that Plaintiff's Motion for Extension of Time to File a Response to Defendant's Motion for Reconsideration (dkt. no. 30) is granted.

DATED THIS 10th day of December 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE